# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RYAN Q. CLARIDGE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:18-cv-01654-GMN-BNW |
| vs. | ) |
| | ) **ORDER** |
| I-FLOW CORPORATION., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is Plaintiff Ryan Q. Claridge's ("Plaintiff's") Objection/Appeal, (ECF No. 104), of the Magistrate Judge's Order, (ECF No. 102), granting Stryker Corporation and Stryker Sales Corporation's (collectively, "Defendants'") Motion to Compel Neurological and Psychological Examinations, (ECF No. 92). Defendants filed a Response, (ECF No. 111), to the Objection, and Plaintiff filed a Reply, (ECF No. 116). Plaintiff also filed a Notice of Partial Withdrawal, (ECF No. 186), of his Objection, indicating that he stipulates to the neurological examination but continues his Objection to the psychological examination.

For the reasons discussed below, the Court **DENIES** the Objection/Appeal.

## I.    BACKGROUND

This case arises from an alleged defect in Defendants' pain pump that caused permanent damage to Plaintiff's shoulder and ended his professional football career. (*See* Obj. 3:9–12, ECF No. 104). In his Complaint, Plaintiff alleges that his damages include mental and emotional distress that arise from his physical injury's effect on his career. (*See* Second Am. Compl. ¶¶ 77, 109(a)). Defendants sought to conduct discovery regarding Plaintiff's psychological condition as Plaintiff's damages request put the condition in issue, and the Court granted Defendants' Motion to Compel the discovery. (*See* Mot. Compel, ECF No. 92); (Order,

ECF No. 102).  Plaintiff now objects to the Court's Order, arguing that: (1) the Rule 35 examinations were not scheduled to be completed before the discovery deadline; (2) allowing the examinations will require additional post-examination discovery that will necessitate an extension prejudicial to Plaintiff; (3) the examination is not properly limited in scope; and (4) the examination is disproportionate to the materiality of Plaintiff's allegations that put Plaintiff's psychological condition in issue. (Obj. 12:5–17:4).

Plaintiff contends that even aside from the allegations in the Complaint, Defendants have long been on notice of the relevance of Plaintiff's psychological condition. (*See* Obj. 5:1–7:2).  On March 5, 2019, the Court issued its first Scheduling Order, which set a discovery deadline of December 9, 2019. (*See* Scheduling Order, ECF No. 39).  On the same day, Plaintiff served his first Rule 26(f) Supplemental Disclosure, which claimed more than $27,000,000.00 in economic damages, which include loss of enjoyment of life. (*See* Supp. List of Witnesses and Documents 8:6–14, Ex. 1-A to Resp. Mot. Compel., ECF No. 98-2).  Plaintiff served his Second Rule 26(f) Supplemental Disclosure on April 23, 2019, which included records from Dr. Key's treatment of Plaintiff that noted Plaintiff suffered from major depressive disorder. (*See* Psychotherapy Intake Note, Ex. 1-J to Resp. Mot. Compel, ECF No. 98-2).  After an extension of the discovery deadlines, Defendants deposed Dr. Key, who testified consistently with the previously disclosed medical records. (Dr. Key Dep. Transcript 27:3–16, Ex. 1-B to Obj., ECF No. 104).

On January 31, 2020, Defendants' counsel first contacted Plaintiff's counsel to request that Plaintiff submit to a psychological examination pursuant to Federal Rule of Civil Procedure 35. (*See* Decl. Christopher Norton ("Norton Decl.") ¶ 2, Ex. 1 to Mot. Compel, ECF No. 92-1).  Counsel's request apparently did not identify the examining physicians, the scope of the examinations, or when they would take place. (*Id.*).  Defendants then moved to compel the examination and justified the timing of the request because Plaintiff's physician had recently

testified extensively regarding Plaintiff's psychological conditions. (*Id.* ¶ 4); (*see also* Mot. Compel 2:18–22, ECF No. 92). The Motion requested that the Court compel Plaintiff "to undergo a neurological examination and a psychological examination with qualified practitioners at mutual [sic] convenient dates and times prior to Defendants' expert disclosure deadline of March 8, 2020." (Mot. Compel 6:1–3).

Following briefing, the Magistrate Judge held a hearing on the Motion to Compel. (*See* Mins. Proceedings, ECF No. 92); (Mot. Hearing Transcript, ECF No. 103). The Magistrate Judge concluded that discovery regarding Plaintiff's psychological condition was appropriate because Plaintiff's damages request put the condition in controversy. (*Id.* 21:13–23:7). The Magistrate Judge was aware that discovery deadlines were approaching. (*See id.* 9:20–11:2). The Magistrate Judge nevertheless granted the Motion to Compel and ordered that the parties submit a proposed order providing the information required under Rule 35; Defendants submitted the proposed order, which the Magistrate Judge signed. (*See* Order, ECF No. 102). Plaintiff now objects to the Magistrate Judge's Order.

## II.    LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled

only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**III.   DISCUSSION**

Plaintiff's Objection concerns the timing of the psychological evaluation request, its scope, and the need for the evaluation. (*See generally* Obj., ECF No. 104).  Although the Magistrate Judge could have further limited the examination, declining to do so was not reversible error.

**A.   Timing**

Plaintiff argues that Rule 35 examinations must be requested in time to be completed before the scheduling order's discovery deadline. (Obj. 12:5–12:24).  Plaintiff further contends that the Magistrate Judge's failure to consider the newly ordered discovery's effect on deadlines was an abuse of discretion. (*Id.* 13:1–26).  Defendants respond that had Plaintiff cooperated with the request, the examination could have been completed before the discovery deadlines, and the Magistrate Judge expressly considered her Order's effect on discovery deadlines. (Defs.' Resp. 6:17–7:11).

The Court finds that the Rule 35 examination request was timely because, had Plaintiff consented to the examination, it could have been completed before the previously extended discovery deadline. (*See* Mot. Hearing Transcript 10:1–7, Ex. A to. Norton Decl., ECF No. 111-1).  If the examination required another extension of the discovery deadline, such extension would be permissible provided there is good cause. *See* Fed. R. Civ. P. 16(b)(4).  Even if the post-examination reports could not be completed before the close of discovery, there is no legal requirement binding on this Court that the reports be concluded at that time. *Cf. Bush v. Pioneer Human Servs.*, No. C09-0518 RSM, 2010 U.S. Dist. LEXIS 8480, 2010 WL 324432, at

\*5 (W.D. Wash. Jan. 21, 2010) ("this Court takes the position that the deadline set in the scheduling order for expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report."); *cf. Bart Street III v. ACC Enterprises LLC*, No. 2:17-cv-00083-GMN-VCF, 2020 U.S. Dist. LEXIS 58003, at \*28–\*31) (reaching a similar conclusion in the context of an objection to allegedly late-served subpoenas).  And, the Magistrate Judge explicitly acknowledged that if an extension of discovery were needed to complete the reports, the Court would consider whether good cause for the extension had been shown at that time. (Mot. Hearing Transcript 15:24–16:3) ("I know, Mr. King, that your ultimate concern here is that the Defense is going to use this to try to continue deadlines one more time and delay trial, I am aware of that, and we will deal with that when and if that situation arises.").  Thus, the Court finds that the Magistrate Judge did not commit clear error or abuse her discretion by allowing the Rule 35 Examination despite the potential need to extend deadlines.

### B.    Scope

Plaintiff contends that the Magistrate Judge erred by failing to limit the scope of the psychological examination in contravention of Rule 35's requirements. (Obj. 14:1–15:25).  He contends that the Magistrate Judge erred by ordering the evaluation because the Motion did not name the examiner, the manner of evaluation, or the time of the evaluation. (*Id.* 15:11–25). Even if the Order ultimately provided the information under Rule 35, Plaintiff argues that failing to set a time-limit for the evaluation was in error. (*Id.* 14:23–15:10).  Defendants contend that the Magistrate Judge did not err because Defendants disclosed the details regarding the evaluation at the Motion Hearing, and courts routinely allow examinations over six hours. (Defs.' Resp. 7:12–10:3).

The Court finds that the scope of the evaluation the Magistrate Judge ordered does not demonstrate an abuse of discretion.  First, under Federal Rule of Civil Procedure 35(a)(2)(B), the order granting a motion to compel "must specify the time, place, manner, conditions, and

scope of the examination, as well as the person or persons who will perform it." The rule does not require that motions to compel meet the same parameters. *Id.* At the Motion Hearing, the Magistrate Judge granted the Motion to Compel and ordered that the parties meet and confer regarding mutually agreeable times for the examination and present a proposed order that include the date, time, and location of the examinations. (Mot. Hearing Transcript 24:20–25, Ex. A to Norton Decl.). In the Proposed Order, Defendants provided the required information. (*See* Proposed Order, ECF No. 101). The Magistrate Judge adopted the Proposed Order. (*Id.*).

The Order specifies the time of the examination, but not its length. (*See* Order, ECF No. 102). While at least one court in this district has refused to order a Rule 35 examination when the proposed order did not specify the maximum length of the examination, the circumstances of that case are distinguishable. *Cf. Adele v. Dunn*, No. 2:12-cv-00597-LDG-PAL, 2012 U.S. Dist. LEXIS 167876, 2012 WL 5944705 (D. Nev. Nov. 26, 2012). First, the parties did not appeal the order to the district judge, so the applicable legal standard differed. *Id.* (signed by the Magistrate Judge). Second, the proposed scope of the examination was qualitatively indefinite, as the expert indicated the nature of the examination would depend on how the examinee presented at the time. *Id.* Here, the nature of the examination was provided with the Proposed Order, and describing precisely what will occur in the examination necessarily limits its length. (*See* Psychological Evaluation Protocol, Ex. A to Proposed Order, ECF No. 101-1). To the extent failing to explicit the time of the examination may be problematic, Defendants mitigated any risk of abuse by specifying the contours of the examination. (*Id.*). (providing a two-page summary of the examination). Accordingly, the Court finds that the Magistrate Judge did not err in the manner she ordered the scope of the proposed examination.

### C.    Need

Finally, Plaintiff contends there is no basis for the psychological evaluation because he has "only asserted garden variety mental distress allegations." (Obj. 16:1–17:4). The objection

is unpersuasive.  Even though Plaintiff does not assert an independent claim to infliction of emotional distress, he claims $3–10 million in damages resulting from loss of enjoyment of life. (Supp. List of Witnesses and Documents 8:6–14, Ex. 1-A to Resp. Mot. Compel., ECF No. 98-2).  Additionally, the Magistrate Judge explicitly analyzed the *Lopez* factors for whether there was good cause to order the evaluation, and the Magistrate Judge properly concluded that Plaintiff had put his psychological condition in issue. (Mot. Hearing Transcript 23:13–24:16, Ex. A to Norton Decl.).  Accordingly, the Court finds that the Magistrate Judge did not err by finding a need for the evaluation.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Objection/Appeal, (ECF No. 104), is **DENIED**.

Dated this 26 day of March, 2021.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT