Christopher P. Norton, Esq. (*Pro Hac Vice*)
Cesar M. Dulanto, Esq. *(Pro Hac Vice)*
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile:  310-586-3202
cpnorton@mintz.com
cmdulanto@mintz.com

Vaughn A. Crawford, Esq.
Nevada Bar No. 7665
Dawn L. Davis, Esq.
Nevada Bar No. 13329
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169-5958
Telephone: 702-784-5200
Facsimile:  702-784-5252
vcrawford@swlaw.com
ddavis@swlaw.com

*Attorneys for Defendants*
*Stryker Corporation and Stryker Sales Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RYAN Q. CLARIDGE,<br><br>                    Plaintiff,<br><br>vs.<br><br>I-FLOW CORPORATION, a Delaware corporation; I-FLOW, LLC, a Delaware limited liability company; DJO LLC (f.k.a. DJ ORTHOPEDICS, LLC), a Delaware limited liability company; DJO, INCORPORATED, aka DJO, INC., a Delaware corporation; STRYKER CORPORATION, a Michigan corporation; and STRYKER SALES CORPORATION, a Michigan corporation,<br><br>                    Defendants. | CASE NO.:  2:18-cv-01654-GMN-BNW<br><br>**STIPULATED MOTION TO REOPEN DISCOVERY TO ISSUE ADDITIONAL SUBPOENAS FOLLOWING GOOGLE PRODUCTION REVIEW** |

Pursuant to Fed. R. Civ. P. 16(b)(4), LR 26-4 and IA 6-1, and the Court's February 5, 2021 order, the Parties file this stipulated motion for an Order reopening discovery to permit Defendants to issue subpoenas to various entities identified in the March 18, 2021 Google document production.

## I. INTRODUCTION

This request to reopen discovery dates back to April 2020 when Defendants filed a motion to compel [ECF No. 122] Plaintiff's response to various written discovery requests pertaining to communications regarding the claims Plaintiff put at issue in this case. On June 23, 2020, the Court granted this part of Defendants' motion to compel, ordering the parties to confer about the scope of subpoenas to various entities that had electronically stored communications that were not readily accessible. The Court also ordered Plaintiff to sign necessary authorizations for Defendants to serve the subpoenas so the information could be reliably obtained. During the June 23, 2020 hearing, the Court clarified the scope of relevant discovery:

> In his operative complaint, Mr. Claridge alleges that defendants' pain pumps caused the permanent and total destruction of the cartilage and surrounding tissue in his shoulder. For this purported harm, Mr. Claridge seeks past, present, and future damages, including medical damages, lost wages, and earning capacity and the loss of household services. The Court finds that the following is relevant to this case: **E-mails, text messages, social media, and other electronic communications related to plaintiff's claimed shoulder injuries, plaintiff's claimed inability to play football, and plaintiff's inability to work to -- or take care of his family as a result of those injuries.**

*See* Decl. of Christopher P. Norton, Ex. A (emphasis added).

On February 2, 2021, the Court ordered a procedure for the filtering and review of the Google production, including an order that Defendants file any motion to reopen discovery based on their review of the Google production within three weeks of their receipt of the documents.

On March 18, 2021, Defendants first accessed the Google document production of Plaintiff's Gmail account. After identifying the topics upon which Defendants seek to reopen discovery, the Parties met and conferred on March 31, 2021 and April 5, 2021 and ultimately agreed to file this stipulation regarding additional discovery for the Court's consideration and approval. *See* Decl. of Christopher P. Norton at ¶ 3.

By agreeing to this stipulation Plaintiff does not concede that the subpoenas Defendants seek to serve are relevant or proportional, nor does Plaintiff agree that there is any good cause for the further discovery. However, to avoid additional motion practice, and in pursuit of efficiently and economically reaching a resolution of the case on the merits, Plaintiff stipulates to this Motion.

## II. GOOD CAUSE EXISTS TO REOPEN DISCOVERY PURSUANT TO THE PARTIES' STIPULATION

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts find good cause to amend a scheduling order whenever deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *See Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992). "The goal of Rule 16 is to get cases decided on the merits," and courts exercise their inherent power to manage their own dockets to achieve this goal. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011); *Allen v. Bayer Corp.*, 460 F.3d 1217, 1227 (9th Cir. 2006). "The goal of Rule 16 is to get cases decided on the merits." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Allen*, 460 F.3d at 1227).

After the February 5, 2021 hearing, Defendants immediately engaged an eDiscovery platform through Cloudscape Discovery and authorized neutral privilege reviewer, Kristine Kuzemka, to engage additional neutrals to expedite her privilege review. After the privilege review was complete, the Google communications were provided to Plaintiff for review on March 10, 2021 and to Defendants on March 18, 2021. The discovery sought in this Motion relates to information contained in that production.

The Court should find that good cause exists to reopen discovery because the Parties have stipulated to this result as the most efficient and economical means to reach resolution of this case on the merits, the goal of Rule 16. Defendants contend this modification of the schedule will not delay the efforts of the Parties to resolve Plaintiff's claims through mediation. Defendants specifically commit to maintaining the May 27, 2021 mediation that the Parties recently scheduled.

## III. ADDITIONAL DISCOVERY DEFENDANTS SEEK AFTER REVIEWING THE GOOGLE DOCUMENT PRODUCTION

Defendants have identified information they contend relates to three focused topics: (1) Plaintiff's ability to work, (2) Plaintiff's finances, investments, and financial distress, and (3) Plaintiff's football career and lost earnings claim.

### 1. Plaintiff's Ability to Work

Plaintiff has alleged that he has been in constant "debilitating" pain since 2006 and that he has been unable to work since shortly after his February 2018 surgery. Accordingly, the Parties

3

have agreed Defendants can issue records subpoenas potentially relevant to Plaintiff's opportunities for employment and his ability and willingness to work. Defendants contend that these subpoenas relate to their prior discovery requests, specifically, Stryker's Request for Production Nos. 8, 76, 84; Stryker's Interrogatory No. 19; and I-Flow's Interrogatory No. 6; and I-Flow's Request for Production No. 4.

| Subpoenaed Entity | Relevance |
|---|---|
| Monster.com | Plaintiff received emails from Monster.com about job postings and job searches. |
| Zip Recruiter | Zip Recruiter is a job recruitment company that emailed Plaintiff. |
| Koch Davis | Koch Davis is a job recruiter. |
| Cartwright James | Cartwright James is a job recruiter. |
| David Careers | David Careers is another job recruiter that appears to have assisted Plaintiff with updating his resume in late 2017/early 2018. |
| DoTerra | DoTerra is a multilevel marketing company that sells essential oils. Plaintiff received an email about attendance of a DoTerra training in Salt Lake City in August 2018. |
| Zimmer Biomet/Gerry Erwine | Zimmer Biomet is a recruiter Plaintiff communicated with in 2018 or 2019. |
| Mutual of Omaha | Plaintiff completed a Career Profile/Assessment with Mutual of Omaha in 2018. |
| Pinnacle Transplant | Communications indicate Plaintiff may have attempted to purchase from Pinnacle Transplant. |
| Nick Loguidice | Plaintiff communicated with Mr. Loguidice regarding a landscaping business. |
| Edward Hine | Edward Hine sent Plaintiff a commercial loan application in August 2019. |
| IntelliCentrics | IntelliCentrics is a company that appears to have recorded and tracked Plaintiff's compliance with various requirements while on sales calls for Smith & Nephew. |
| The Advocator Group[1] | Defendants previously served a subpoena on The Advocator Group while discovery was open. Defendants request an updated subpoena to obtain the most recent records. |

---

[1] Plaintiff contends that responsive documents from the Advocator Group may be attorney-client privileged or protected attorney work product. The Parties have agreed to the same protocol as set forth in the February 5, 2021

4

| Clark County School District | Defendants previously served a subpoena on Clark County School District (CCSD) while discovery was open. The CCSD responded to the subpoena. However, Defendants request updated records that post-date CCSD's initial response to the previously issued subpoena based on emails that indicated new documents may exist. |

### 2. Plaintiff's Finances, Investments, and Financial Distress

Plaintiff alleges that the Defendants' products caused or contributed to a degenerative condition in his shoulder that prevented him from pursuing a lucrative professional football career. Defendants contend the facts establish Plaintiff's football career ended because he lacked adequate talent and motivation. The Parties have agreed Defendants should be permitted to serve records subpoenas on the following entities to obtain further information regarding Plaintiff's financial history so Defendants can investigate the extent his financial history relates to his motivation to stop playing football.

| Subpoenaed Entity | Relevance | Prior Discovery Requests That Defendants Contend Are Related |
|---|---|---|
| Preferred Capital Funding[2] | Plaintiff applied for a civil litigation funding loan with this company on July 28, 2020. | Stryker's Request for Production Nos. 7, 48, 69, 71, 75, 77, 87, 88, 89, 90, 91, 92, 93<br><br>Stryker's Interrogatories Nos. 19, 21, 22, 23<br><br>I-Flow's Request for Production No. 19 |
| Merrill Edge/Merrill Lynch | Plaintiff maintained an investment account with Merrill Lynch. | See above |

### 3. Plaintiff's Football Career and Lost Earnings Claim

Plaintiff alleges that he was not able to continue his career in the NFL because of his two shoulder surgeries and claims lost earnings as a result. This topic has been the subject of extensive expert testimony in the case and Plaintiff's ability to have a career in the NFL is directly in controversy. The Parties have agreed Defendants can serve records subpoenas on Willie

---

Order whereby the documents will be produced to Ms. Kuzemka for her privilege review, then produced to Plaintiff for any challenges, and then to Defendants.

[2] Plaintiff contends that responsive documents to the Preferred Capital Funding subpoena may be attorney-client privileged or protected attorney work product. The Parties have agreed to the same protocol as set forth in the February 5, 2021 Order whereby the documents will be produced to Ms. Kuzemka for her privilege review, then produced to Plaintiff for any challenges, and then to Defendants.

5

Roman/Football Videos in order to obtain any game films and videos that may exist that were purchased by Plaintiff and not previously produced to Defendants. that Mr. Angelo relied in forming his opinions but were never produced with Mr. Angelo's file.

## IV. CONCLUSION

The Parties have met and conferred on multiple occasions following the review of the Google Production. As a result, the Parties have agreed to stipulate to reopen discovery for the limited purpose of issuing records subpoenas to the aforementioned entities.

Defendants also reserve the right to seek a future Court order (following meet and confer) efforts with Plaintiff's counsel) to conduct additional limited discovery that may be necessary following the review of the aforementioned document productions.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

With the Court's consent, the discovery will be reopened for the limited purpose to allow Defendants to issue records subpoenas to the 17 entities listed above.

**IT IS SO STIPULATED AND AGREED.**

| SNELL & WILMER, LLP | DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN |
|---|---|
| By: /s/ *Dawn L. Davis*<br>Vaughn A. Crawford, Esq.<br>Dawn L. Davis, Esq.<br>3883 Howard Hughes Pkwy, #1100<br>Las Vegas, Nevada 89169-5958<br><br>Christopher P. Norton, Esq. (*Pro Hac*)<br>MINTZ LEVIN COHN GERRIS FLOVSKY AND POPEO, P.C.<br>2029 Century Park East, Suite 3100<br>Los Angeles, California 90067<br><br>*Attorneys for Defendants Stryker Corp. and Stryker Sales Corp* | By:/s/ *Walter Mason*<br>Colin P. King, Esq.<br>Walter Mason, Esq.<br>*Pro Hac Vice*<br>36 South State Street, Suite 2400<br>Salt Lake City, Utah 84111<br><br>Corey M. Eschweiler, Esq.<br>ER INJURY ATTORNEYS<br>4795 South Durango Drive<br>Las Vegas, Nevada 89147<br><br>*Attorneys for Plaintiff* |

SEGAL MCCAMBRIDGE SINGER &
MAHONEY, LTD.

By: /s/ *Peter J. Strelitz*
Peter J. Strelitz, Esq.
*Pro Hac Vice*
100 Congress Ave., Suite 800
Austin, Texas 78701

Mark Crane, Esq.
Lee J. Hurwitz, Esq.
*Pro Hac Vice*
233 S. Wacker Dr., Suite 5500
Chicago, Illinois 60606

Thomas Friedman, Esq.
BROWN, BONN & FRIEDMAN, LLP
5528 S. Fort Apache Rd.
Las Vegas, Nevada 89135

*Attorneys for Defendant I-Flow, LLC*

**IT IS SO ORDERED**

**DATED:** April 13, 2021

_____
UNITED STATES MAGISTRATE JUDGE

7