UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN Q. CLARIDGE, | ) |
|       Plaintiff, | ) Case No. 2:18-cv-1654-GMN-BNW |
| vs. | ) **ORDER** |
| I-FLOW CORPORATION, et al., | ) |
|       Defendants. | ) |

Before the Court is Defendants' Motion for Leave to File Under Seal two separate replies in connection with a motion to compel (which was also filed under seal at ECF No. 264). The replies are currently filed under seal at ECF Nos. 273 and 274. No responses have been filed. Defendants request that the Court seal these replies, arguing the replies contain documents subject to the protective order Defendants entered into with non-party Mr. Rather.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179).

The fact that the parties have agreed certain documents are confidential pursuant to a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Here, non-party Mr. Rather has not provided any reasons emplaning why the information contained in ECF Nos. 273 and 274 must remain under seal. As a result,

**IT IS ORDERED** that Defendant's Motion at ECF No. 272 is DENIED.

**IT IS FURTHER ORDERED** that non-party Mr. Rather has until May 7, 2021 to file any motion to seal the replies at issue. If no such motion is filed, ECF Nos. 273 and 274 and supporting documents will be unsealed.

**IT IS FURTHER ORDERED** that the hearing set for 4/27/2021 is VACATED.

DATED: April 23, 2021

_____
**Brenda Weksler**
**United States Magistrate Judge**