1

2

3                    **UNITED STATES DISTRICT COURT**

4                        **DISTRICT OF NEVADA**

5                                ∗ ∗ ∗

6     Ryan Q. Claridge,                      Case No. 2:18-cv-01654-GMN-BNW

7                    Plaintiff,
                                             **Order re [304]**
8          v.

9     I-Flow Corporation, et al.,

10                    Defendants.

11

12          Before the court is a motion to seal by defendants Stryker Corporation and Stryker Sales

13    Corporation ("Stryker"). ECF No. 304. Stryker moves to seal Exhibits A, B, C, M, N, O, P, Q, R,

14    S, T, V, W, and SS to the declaration of Christopher P. Norton in support of their summary-

15    judgment motion. *Id*. Plaintiff did not oppose.

16          Generally, the public has a right to access judicial records. *Kamakana v. City & Cnty. of*

17    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). As a result, there is a strong presumption in favor

18    of public accessibility, and a party seeking to seal a judicial record "bears the burden of

19    overcoming this strong presumption." *Id*.

20          There are at least two different sealing standards. The first standard is "good cause," and it

21    applies when a movant seeks to seal documents related to a non-dispositive motion that is only

22    tangentially related to the case." *Id*. at 1180.  The second is the "compelling reasons" standard,

23    which applies when a movant seeks to seal documents related to dispositive motions or non-

24    dipositive motions that are "more than tangentially related to the merits" of the case. *Ctr. for Auto*

25    *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Under this standard, the

26    moving party must articulate compelling reasons supported by specific factual findings to

27    overcome the presumption. *Kamakana*, 447 F.3d at 1178–79. Sufficiently compelling reasons

28    generally exist when court files "might have become a vehicle for improper purposes, such as the

1  use of records to gratify private spite, promote public scandal, circulate libelous statements, or

2  release trade secrets." *Id*. at 1179 (quotation omitted). This standard is invoked even if the

3  dispositive motion or its attachments were previously filed under seal or protective order. *Id*.

4       Here, the motion to seal will be denied without prejudice. The movants seek to seal

5  exhibits attached to their motion for summary judgement. As this is a dispositive motion,

6  defendants must show compelling reasons—not merely good cause—to overcome the

7  presumption that these exhibits should be publicly accessible. *Id*. at 1180. Stryker argues that

8  there is good cause to seal the exhibits as they contain and discuss confidential business

9  information that is of no interest to the public and are protected from disclosure by the Qualified

10  Protective Order entered by this Court at ECF No. 44. ECF No. 304.

11       The Court finds that Stryker's assertion that the exhibits contain and discuss confidential

12  business information is perfunctory. Such conclusory offerings with no articulable facts

13  "identifying the interests favoring continued secrecy" are not sufficient to meet the compelling

14  reasons standard. *Kamakana*, 447 F.3d at 1181. Additionally, a previously imposed protective

15  order does not relinquish Stryker from the need to establish compelling reasons in order to

16  overcome the presumption of public access. Accordingly, the Court denies Stryker's motion to

17  seal without prejudice.

18       IT IS THEREFORE ORDERED that Stryker's motion to seal (ECF No. 304) is DENIED

19  without prejudice. A renewed motion to seal must be filed by September 10, 2021, and the

20  exhibits shall remain under seal in the meanwhile.  If no renewed motion is filed, the Court will

21  unseal the exhibits.

22       DATED: August 13, 2021

23       _____

24       Brenda Weksler
         United States Magistrate Judge